IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLASS BRIDGEFORD, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-22-159 |
| WARDEN WILLIAM BOHRER, et al., | * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court for consideration of Petitioner Douglass Bridgeford's Amended Petition for Writ of Habeas Corpus (ECF No. 5), Motion to Correct Incorrect Information (ECF No. 11), and Motion to Reply to Responds [sic] of Petition upon 2254 (ECF No. 13). These matters are ripe for review and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that petitioners are not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons outlined below, the Court will deny the Petition, decline to issue a certificate of appealability, deny the Motion to Correct Incorrect Information, and construe the Motion to Reply as a Reply to the Limited Answer.

### I. BACKGROUND

Petitioner Douglass Bridgeford, who is currently incarcerated at the Maryland Correctional Training Center, asserts that he contracted the COVID-19 virus on April 20, 2020. (Am. Pet. at 5, ECF No. 5). He claims that he is housed in a cell without ventilation

or access to hand soap or bleach. (Id.). Additionally, he is only receiving one cloth mask every six months. (2d Supp. at 4, ECF No. 3). Bridgeford seeks to be released due to his various health conditions, such as his diabetes, which put him at greater risk of contracting the virus. (Am. Pet at 5; 2d Supp. at 2). Bridgeford notes that due to his religious beliefs, he has not received a COVID-19 vaccination. (2d Supp. at 2–3). He requests home confinement for the two years remaining on his 25-year sentence. (Id. at 2). Bridgeford further asserts he should be released under "the CARES Act" and "Scholl v. U.S." (Id. at 3).

On August 10, 2022, Bridgeford filed a Motion to Correct Incorrect Information. (ECF No. 11). He states that Respondents' Motion for Extension of Time (ECF No. 8) incorrectly stated the date of his conviction. (Mot. Correct at 1, ECF No. 11). The remainder of the Motion outlines Bridgeford's health issues and reasserts that he is not contesting the validity of his conviction but instead is seeking release due to the risk the COVID-19 virus presents to his health. (Id. at 1–3). The Court acknowledges that the year of Bridgeford's conviction was incorrectly stated in the Respondents' Motion for Extension of Time. However, as the Motion to Correct otherwise seeks the same relief sought in the underlying Petition, it shall be denied. His arguments shall be considered in the Court's discussion of the Petition below.

On August 31, 2022, Respondents filed a Limited Answer asserting that the Petition should be dismissed because Bridgeford's claims are (1) unexhausted, (2) incognizable, and (3) untimely. (Limited Answer at 12, ECF No. 12).

On November 4, 2022, Bridgeford filed a document styled as a "Motion to Reply to Responds [sic] of Petition upon 2254." (ECF No. 13). Upon review, rather than an independent motion, it is a reply to Respondents' Limited Answer to the Petition, and shall be construed as such.

## II.     DISCUSSION

**A.     Standard of Review**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Absent violation of a constitutional right or federal law, a federal habeas petitioner fails to state a cognizable claim for relief. Wilson v. Corcoran, 562 U.S. 1, 1 (2011) (holding that courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law); Spencer v. Murray, 18 F.3d 267, 239–40 (4th Cir. 1995) (holding that where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

**B.     Analysis**

Here, Bridgeford does not assert that he is in custody in violation of his constitutional rights. Rather, he claims to be entitled to early release under the "CARES Act" and a case he refers to as "Scholl v. U.S., 9th Cir." (1st Supp. at 1, ECF No. 4).

Bridgeford, a state prisoner, is not entitled to relief under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136. The CARES Act was enacted to address various issues related to the COVID-19 pandemic. See Profiles, Inc. v. Bank of Am. Corp., 453 F.Supp.3d 742, 745 (D.Md. 2020) (stating that the CARES

Act was intended "to provide emergency assistance and health care response for individuals, families, and businesses affected by the coronavirus pandemic"). One portion of the law allows the Federal Bureau of Prisons (BOP) discretion to lengthen the amount of time an inmate may serve their sentence in home confinement. Pub. L. 116-136, § 12003(b)(2). However, the BOP has no authority over state prisoners or prisons. As such, the CARES Act cannot form the basis of the relief Bridgeford seeks.

Finally, based on Bridgeford's pleadings, it is unclear to the Court what federal case law he seeks to rely upon in "Scholl v. U.S." Respondents suppose he could be referencing Scholl v. Mnuchin, 494 F.Supp.3d 661 (N.D.Cal. 2020), in which prisoners sought to enjoin enforcement of a policy prohibiting those incarcerated from receiving economic payments under the CARES Act. (Limited Answer at 24 n.11). As that cause of action has no bearing on whether Bridgeford should be released from custody or to home confinement, it is inapplicable to this matter.

Accordingly, Bridgeford fails to state a federal basis for relief, and his Petition must be dismissed.[1]

C.     **Certificate of Appealability**

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Buck v. Davis, 137 S.Ct. 759,

---

[1] Bridgeford also refers to 42 U.S.C. § 1983 as a basis for relief. Bridgeford was given the opportunity at the outset of this case to instruct the Court whether he intended to pursue his claims under § 1983 or as a petition for writ of habeas corpus. (ECF No. 2). Bridgeford returned a Petition for Writ of Habeas Corpus (ECF No. 5) and therefore his claims will not be considered under § 1983.

773 (2017) (quoting 28 U.S.C. § 2253(c)(2)). Bridgeford "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Bridgeford may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   CONCLUSION

For the foregoing reasons, Bridgeford's Petition for Writ of Habeas Corpus (ECF No. 5) will be dismissed, a certificate of appealability will not be issued, the Motion to Correct Incorrect Information will be denied, and the Motion to Reply will be construed as a Reply to the Limited Answer. A separate Order follows.

Entered this 16th day of December, 2022.

                                                                             /s/
                                          George L. Russell, III
                                          United States District Judge